**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**GEORGE M. CHAVIS, 91-A-3261,**

                          **Plaintiff,**                  **02-CV-0119(Sr)**

v.

**S. VONHAGN, et al.,**

                          **Defendants.**

---

**DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties consented to have the undersigned conduct any and all proceedings in this case, including entry of final judgment.  Dkt. #42.  On January 30, 2009, this Court issued its Decision and Order (Dkt. #102) granting defendants' motion for summary judgment (Dkt. #79).  On February 2, 2009, the Clerk of Court for the United States District Court, Western District of New York entered Judgment in favor of defendants and closed the case.  (Dkt. #103).  Presently pending before this Court is petitioner's "Motion for Re-Hearing Under Rule 40" (Dkt. #107); plaintiff's Motion to Appoint Counsel (Dkt. #106) and plaintiff's Motion for Recusal (Dkt. #105).  Although plaintiff's Motion for Re-Hearing is styled as a motion pursuant to Federal Rules of Civil Procedure 40,  plaintiff seeks relief from a judgment or order pursuant to Rule 60(b)(1)(4)(6) of the Federal Rules of Civil Procedure.  For the following reasons, plaintiff's Motion for a Re-Hearing (Dkt. #107) is denied.  By reason of the foregoing, plaintiff's Motion to Appoint Counsel (Dkt. #106) and Motion for Recusal (Dkt. #105) are denied as moot.

**PROCEDURAL BACKGROUND**

Plaintiff filed this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983. Dkt. ##1 and 9. Plaintiff alleged that while an inmate at the Southport Correctional Facility, his rights pursuant to the First, Eighth, and Fourteenth Amendments to the United States Constitution were violated. *Id*. More specifically, plaintiff, proceeding *pro se*, filed this action on or about February 11, 2002, seeking "dismissal" (expungement) of each "disciplinary ticket" addressed in the amended complaint, termination of each defendant's employment with the New York State Department of Correctional Services, and compensatory and punitive damages for violations of his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution.[1] *Id*. The following claims remained and were addressed by this Court in its Decision and Order granting defendants' motion for summary judgment: (1) in or about December 1999, defendants Brandt and vonHagn denied plaintiff emergency medical care and defendant Brandt denied plaintiff medication in or about January 2001; (2) defendants Brandt and vonHagn retaliated against plaintiff because plaintiff had filed grievances against defendants Brandt and vonHagn; (3) defendants

---

[1] Plaintiff filed his original complaint together with a motion to proceed *in forma pauperis* on or about February 11, 2002. Dkt. ##1 and 2. By Order filed March 7, 2002, United States District Judge Charles J. Siragusa granted plaintiff permission to proceed *in forma pauperis* and dismissed all but two of plaintiff's original claims. Dkt. #3. Plaintiff was granted leave to amend his complaint with respect to certain of his dismissed claims. *Id*. Plaintiff filed an amended complaint on or about May 31, 2002. Dkt. #9. Thereafter, by Order filed July 1, 2002, United States District Judge David G. Larimer dismissed certain of plaintiff's claims and terminated certain of the defendants. Dkt. #10. Specifically, Judge Larimer dismissed plaintiff's official capacity claims against all defendants, plaintiff's interference with non-legal mail claim against defendant Gardner and all claims against defendant Hazelton. *Id*.

Donahue, Gilmore, Irizarry, Quinn, Ryan, Selsky, Sheahan and Wilcox violated plaintiff's due process rights under the Fourteenth Amendment in connection with disciplinary hearings and appeals handled by each of the defendants; (4) defendant Gardner interfered with plaintiff's legal mail and denied plaintiff permission to take a religious correspondence course in violation of the First Amendment; and (5) defendants Corcoran and Weingartner violated plaintiff's First Amendment right of access to the New York Court of Claims.  As reflected in its Decision and Order filed January 30, 2009, this Court granted defendants' motion for summary judgment in all respects.  Dkt. #102.  Consistent with this Court's Decision and Order, the Clerk of Court for the Western District of New York entered Judgment in favor of defendants on February 2, 2009.  Dkt. #103.  Thereafter, on or about August August 6, 2010 plaintiff filed the instant Motion for Recusal (Dkt. #105), Motion to Appoint Counsel (Dkt. #106).  On or about August 10, 2010, plaintiff filed the instant Motion for a Re-Hearing (Dkt. #107).

As set forth at length in this Court's Decision and Order filed on January 30, 2009, with respect to his deliberate indifference claim, plaintiff failed to establish that he suffered from a sufficiently serious medical condition and that defendants Brandt and vonHagn were deliberately indifferent to his medical needs.  With respect to plaintiff's retaliation claim against defendants Brandt and vonHagn, plaintiff was unable to establish retaliatory motive.  Even if plaintiff could establish such retaliatory motive, the record before the Court clearly established that there were proper, non-retaliatory reasons for the punishment imposed on plaintiff.

Plaintiff's claims of deprivation of due process against defendants Donahue, Gilmore, Irizarry, Quinn, Ryan, Sheahan, Wilcox and Selsky also failed as a matter of law because plaintiff received all the process he was due during the course of each disciplinary hearing and appeal.  With respect to plaintiff's denial of right to take a religious correspondence course claim against defendant Gardner, that claim failed because contrary to plaintiff's assertions, defendant Gardner was not personally involved in the decision.  Plaintiff's second claim against defendant Gardner, interference with legal mail, also failed as a matter of law because plaintiff cannot under any circumstances demonstrate that he suffered actual injury.  Finally, this Court found that plaintiff's claims of interference with access to the Courts claims against defendants Corcoran and Weingartner failed as a matter of law because with respect to defendant Corcoran, plaintiff could not demonstrate that he suffered any injury and with respect to defendant Weingartner, plaintiff could not establish that any conduct on the part of defendant Weingartner caused the dismissal of Claim No. 99509 pending before the Court of Claims.

## **FACTUAL BACKGROUND**

A complete recitation of the underlying factual background is set forth in this Court's January 30, 2009 Decision and Order.  Dkt. #102.

## **DISCUSSION AND ANALYSIS**

Rule 59 provides for grounds upon which a party may move for a new trial or to alter or amend a judgment.  The standard for granting a Rule 59 "motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  The Second Circuit has further held, a party may not seek to "solely relitigate an issue already decided." *Id*.

Federal Rule of Civil Procedure Rule 60(b) provides in relevant part, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . and (6) any other reason justifying relief from the operation of the judgment."  Rule 60(b) is not to be used as a substitute for an appeal. *Diamond v. Pataki*, No. 03 CIV. 4642 (SHS), 2004 WL 1924755, at *8 (S.D.N.Y. Aug. 27, 2004).

The instant motion is nothing more than an effort by plaintiff to re-litigate those issues already decided by this Court.  In the alternative, plaintiff is attempting to use Rule 60(b) of the Federal Rules of Civil Procedure as a substitute for an appeal.  Plaintiff's conclusory allegations that the Court failed to consider certain arguments, and erred in granting defendants' motion for summary judgment, without more, are wholly

insufficient to warrant relief under either Rule 59 or 60(b) of the Federal Rules of Civil Procedure.  Moreover, plaintiff's motion for a re-hearing does nothing more than reiterate all of the facts and arguments that were before this Court on defendants' motion for summary judgment.  Plaintiff can point to nothing that this Court overlooked.  As is evident from this Court's one hundred and fifty-one page (151) Decision and Order (Dkt. #103), this Court considered each and every one of plaintiff's arguments and each argument was addressed at length in the Decision and Order.

Plaintiff's assertion that in the handling of the instant matter, the undersigned demonstrated bias and prejudice against the plaintiff is wholly unsupported by the record.  Plaintiff's claim that the undersigned conspired with United States District Judge Charles J. Siragusa to "dismiss nearly every stated defendant involved in this claim without any discovery process prior to doing so" is baseless.  Dkt. #107, p.5.  Equally baseless is plaintiff's assertion that the undersigned dismissed every Western District of New York claim ever presented by plaintiff and that those prior decisions demonstrate a bias toward plaintiff and somehow contributed to the January 30, 2009 Decision and Order herein granting defendants' motion for summary judgment.  *Id*.  To the extent that plaintiff is now claiming that the undersigned should have recused himself from this matter, the grounds asserted by plaintiff do not require recusal. *See generally Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (recusal not warranted merely because of repeated judicial rulings against the movant); *see also, Fulton v. Robinson*, 289 F.3d 188 (2d Cir. 2002) (recusal or

disqualification of judge not warranted merely because of repeated judicial rulings against the party).

As noted above, the instant "Motion for Re-Hearing Under Rule 40" is nothing more than an effort by plaintiff to either re-litigate the issues already decided by this Court or to serve as a substitute for an appeal. None of the arguments presented by plaintiff in his motion satisfy the stringent standard for the relief requested.

## CONCLUSION

For the foregoing reasons, plaintiff's "Motion for Re-Hearing Under Rule 40" (Dkt. #107) is denied. By reason of the foregoing, plaintiff's Motion to Appoint Counsel (Dkt. #106) and Motion for Recusal (Dkt. #105) are denied as moot.

**SO ORDERED.**

DATED:   Buffalo, New York
         March 8, 2011

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**